Chief Judge Lasnik

05-CR-00270-PLAGR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA MEDICAL SYSTEMS, INC.,<br><br>Defendant. | NO.  CR05-270L<br><br>PLEA AGREEMENT |

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Susan Loitz, Assistant United States Attorney and Robert Westinghouse, for said District, Defendant, Columbia Medical Systems, Inc., and its attorney, Mark Mestel, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1.      <u>The Charge</u>.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charges contained in the Superseding Indictment.

      a.  Conspiracy to Commit the Money Laundering Offense of Title 18, United States Code, Section 1956(a)(1)(B)(I), in violation of Title 18, United States Code, 1956(h), as charged in Count 17.

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering its plea of

PLEA AGREEMENT/
*U.S. V. COLUMBIA MEDICAL SYSTEMS* - 1
CR05-270L

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

guilty, a corporate officer of the Defendant will be placed under oath. Any statement given by corporate officer under oath may be used by the United States in a prosecution for perjury or false statement.

    2. <u>Elements of the Offense</u>. The elements of the offense of Conspiracy, as charged in Count 17, in violation of Title 18, United States Code, Section 1956(h), are as follows:

    (1) Beginning on or about February 26, 1999 and continuing through at least September 26, 2000, the defendant entered into an agreement with two or more people to conduct a financial transaction involving property that represented the proceeds of interstate transportation of stolen property;

    (2) The defendant knew that the property represented the proceeds of interstate transportation of stolen property;

    (3) The defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, source, ownership, or control of the proceeds of interstate transportation of stolen medical devices; and

    (4) At least one member of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

    3. <u>The Penalties</u>. Defendant understands that the statutory penalties for the offense of Conspiracy to Engage in Money Laundering as charged in Count 17 are as follows:

    a. <u>Count 17</u> (Conspiracy): a fine of up to Five Hundred Thousand Dollars ($500,000.00) or twice the amount of the financial transactions, whichever is greater, and a four hundred dollar ($400.00) special assessment. If Defendant receives a sentence of probation, the probationary period could be up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

    Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

PLEA AGREEMENT/
*U.S. V. COLUMBIA MEDICAL SYSTEMS* - 2
CR05-270L

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. <u>Rights Waived by Pleading Guilty</u>.   Defendant understands that by pleading guilty, it knowingly and voluntarily waives the following rights:

   a.   The right to plead not guilty and to persist in a plea of not guilty;

   b.   The right to a speedy and public trial before a jury of its peers;

   c.   The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d.   The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e.   The right to confront and cross-examine witnesses against Defendant at trial;

   f.   The right to compel or subpoena witnesses to appear on its behalf at trial;

   g.   The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h.   The right to appeal a finding of guilt or any pretrial rulings.

5. <u>United States Sentencing Guidelines</u>.   Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from

PLEA AGREEMENT/
U.S. V. COLUMBIA MEDICAL SYSTEMS - 3
CR05-270L

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  further crimes of the defendant; (6) the need to provide the defendant with educational and
2  vocational training, medical care, or other correctional treatment in the most effective
3  manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims;
4  and (9) the need to avoid unwarranted sentence disparity among defendants involved in
5  similar conduct who have similar records.  Accordingly, Defendant understands and
6  acknowledges that:

7        a.    The Court will determine its applicable Sentencing Guidelines range
8  at the time of sentencing;

9        b.    After consideration of the Sentencing Guidelines and the factors in
10  18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the
11  maximum term authorized by law;

12        c.    The Court is not bound by any recommendation regarding the
13  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines
14  range offered by the parties or the United States Probation Department, or by any
15  stipulations or agreements between the parties in this Plea Agreement; and

16        d.    Defendant may not withdraw a guilty plea solely because of the
17  sentence imposed by the Court.

18     6.    Ultimate Sentence.  Defendant acknowledges that no one has promised or
19  guaranteed what sentence the Court will impose.

20     7.    Forfeiture.  Defendant shall enter into a Preliminary Order of Forfeiture in
21  the same form as that entered into by Tuyet Nguyen in CR05-270 RSL, agreeing to forfeit
22  Four Hundred Thousand ($400,000.00) which shall be joint and several between Columbia
23  Medical Systems, Tuyet Nguyen and Phu Nguyen.

24     8.    Statement of Facts.  The government and defendant adopt as the factual
25  basis for this plea agreement, the evidence presented at the trial in the case United States v.
26  Tuyet Nguyen, et. al, CR05-270RSL, Western District of Washington.  Defendant admits
27  it is guilty of the offense of conviction.
28

PLEA AGREEMENT/
U.S. V. COLUMBIA MEDICAL SYSTEMS - 4
CR05-270L

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1       9.      Non-Prosecution of Additional Offenses. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to move to dismiss the remaining counts in the Indictment at the time of sentencing and not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119(1997).

       10.     Breach, Waiver, and Post-Plea Conduct. Defendant agrees that if it breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if it is in breach of this Plea Agreement, Defendant has waived any objection to the reinstitution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, it should engage in illegal conduct, or conduct that is in violation of its conditions of release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to

PLEA AGREEMENT/
U.S. V. COLUMBIA MEDICAL SYSTEMS - 5
CR05-270L

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration. Such a sentence could include a sentencing enhancement under the United States Sentencing Guidelines or an upward departure from the applicable sentencing guidelines range.

11. <u>Waiver of Appeal</u>   As part of this Plea Agreement and on the condition that the Court imposes a sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a.    any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence; and

    b.    any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

12. <u>Voluntariness of Plea</u>.   Defendant agrees that it has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

13. <u>Statute of Limitations</u>.   In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by

PLEA AGREEMENT/
U.S. V. COLUMBIA MEDICAL SYSTEMS - 6
CR05-270L

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1. the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

14. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 23rd day of October, 2006.

COLUMBIA MEDICAL SYSTEMS, INC.

By: _[signature]_
Its: President

_[signature]_
MARK MESTEL
Attorney for Defendant

_[signature]_
SUSAN LOITZ
Assistant United States Attorney

_[signature]_
ROBERT WESTINGHOUSE
Assistant United States Attorney

PLEA AGREEMENT/
*U.S. V. COLUMBIA MEDICAL SYSTEMS* - 7
CR05-270L

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970