UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COLUMBIA MEDICAL SYSTEMS, INC.,<br><br>　　　　　Defendant. | No. CR05-270RSL<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE, AND ORDER GRANTING MOTION TO SEAL |

This matter comes before the Court on defendant Columbia Medical Systems, Inc.'s ("CMS") "Motion to Modify Sentence" (Dkt. #305) and the "Government's Motion to Seal" (Dkt. #307). In its motion, defendant CMS moves for an order vacating the fine imposed on defendant CMS, or in the alternative, to recall the $50,000 applied to defendant Tuyet Nguyen's restitution and apply it to defendant CMS's fine. See Dkt. #305 at 1. The government also moves to seal the declaration of Susan Loitz and accompanying attachment (Dkt. #307). Having considered the motions, the government's response (Dkt. #306), and the records and files herein, the Court denies defendant CMS's motion (Dkt. #305) and grants the government's motion to seal (Dkt. #307) for the reasons set forth below.

First, the Court DENIES defendant CMS's requested relief to vacate assessment of a fine. Although defendant's counsel declares that "Columbia Medical Systems, Inc., has indicated that

ORDER DENYING DEFENDANT'S
MOTION TO MODIFY SENTENCE, AND
ORDER GRANTING MOTION TO SEAL

it no longer is a viable corporation" and "[i]t has shut its doors and intends to dissolve the corporation," there is no evidence in the record of this fact other than the representation of defendant's counsel.  See Dkt. #305 (Mestel Decl.).  Furthermore, as the government shows in its reply, the business address for Summit Medical Imaging, Inc., a medical equipment corporation, is the same as defendant CMS's address.  See Dkt. #306, Ex. 1.  Defendant CMS has failed to show the relationship, if any, between CMS and Summit Imaging, Inc., or defendant CMS's inability to pay the remainder of the fine.

Second, the Court also DENIES defendant CMS's requested relief to "recall" the $50,000 applied to defendant Tuyet Nguyen's restitution.  As the judgments in this case provide, payments shall be applied to restitution before fines.  See Dkt. ##302 (defendant Columbia Medical Systems, Inc.); Dkt. #286 (defendant Phu Nguyen); Dkt. #270 (defendant Tuyet Nguyen).  Therefore, applying the $50,000 to defendant CMS's fine before applying it to Tuyet Nguyen's restitution is inconsistent with the terms of the judgments in this case.  Furthermore, defendant is incorrect that there will be no prejudice if the requested relief is granted.  Defendant Phu Nguyen's joint and several liability for defendant CMS's fine was limited to $50,000, which has already been paid.  Accordingly, should defendant Tuyet Nguyen prevail on her appeal, there will be no recourse against either of the Nguyens for the remainder of the fine.

Finally, given the financial accounting information contained in Dkt. #308, Attach. 1, and pursuant to the General Order of the Court regarding Public Access to Electronic Case Files (filed 5/29/03), the Court GRANTS the government's motion to seal.

DATED this 5th day of February, 2008.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO MODIFY SENTENCE, AND
ORDER GRANTING MOTION TO SEAL           -2-