UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>COLUMBIA MEDICAL SYSTEMS, INC.,<br><br>          Defendant. | No. CR05-270RSL<br><br>ORDER DENYING DEFENDANT'S SECOND MOTION TO MODIFY SENTENCE, AND ORDER GRANTING MOTION TO SEAL |

This matter comes before the Court on defendant Columbia Medical Systems, Inc.'s ("CMS") "Second Motion to Modify Sentence" (Dkt. #312) and the "Government's Motion to Seal" (Dkt. #316). In its motion, defendant CMS moves for an order vacating the fine imposed on defendant CMS, or in the alternative, to recall the $50,000 applied to defendant Tuyet Nguyen's restitution and apply it to defendant CMS's fine. See Dkt. #312 at 1. The government also moves to seal the declaration of Susan Loitz and accompanying attachment (Dkt. #316). Having considered the motions, the government's responses (Dkt. ##315, 319), and the records and files herein, for the reasons set forth below, the Court denies defendant CMS's motion (Dkt. #312) and grants the government's motion to seal (Dkt. #316).

First, the Court denies defendant CMS's requested relief to vacate assessment of the fine. As the Court previously stated in its February 5, 2008 order, defendant CMS has failed to show

ORDER DENYING DEFENDANT'S
SECOND MOTION TO MODIFY SENTENCE,
AND ORDER GRANTING MOTION TO SEAL

its "inability to pay the remainder of the fine." See Dkt. #309.

Second, the Court also denies defendant CMS's requested relief to "recall" the $50,000 applied to defendant Tuyet Nguyen's restitution. As the judgments against defendants Phu and Tuyet Nguyen and CMS provide, payments shall be applied to restitution before fines. See Dkt. #302 (defendant CMS); Dkt. #286 (defendant Phu Nguyen); Dkt. #270 (defendant Tuyet Nguyen).

In this case, defendants Phu Nguyen, Tuyet Nguyen, and CMS jointly sent a check dated July 17, 2007 in the amount of $100,800 payable to the Clerk of District Court. See Dkt. #318 (Offenbecher Decl.) at Ex. 1. Because the check was not from an individual defendant, but rather from defendants Phu Nguyen, Tuyet Nguyen, and CMS collectively, the funds were reasonably applied to defendants' judgments in the order listed on the check. Accordingly, $100 was applied to Phu Nguyen's special assessment, then $50,000 was applied to his joint and several responsibility for the $100,000 fine, leaving a balance of $50,700 to be applied to the next listed defendant on the check—Tuyet Nguyen. Therefore, $700 was applied to defendant Tuyet Nguyen's special assessment, and the remaining $50,000 was applied to her $750,000 restitution obligation. This expended the funds from the $100,800 check.

Although defendant CMS contends that the $100,800 should have been applied to "the entire [$100,000] fine and the special assessment" this argument is unavailing for several reasons. See Dkt. #312 at ¶3. First, under 18 U.S.C. § 3612(c), "Any money received from a defendant shall be disbursed so that each of the following obligations is paid in full in the following sequence: (1) A penalty assessment under section 3013 of title 18, United States Code[;] (2) Restitution of all victims[; and] (3) All other fines, penalties, costs, and other payments required under the sentence." Accordingly, given that defendant Tuyet Nguyen was identified as a remitter of the July 17, 2007 check, the proceeds were properly applied to her restitution obligation before the fine. Second, although defendant CMS argues that "[i]n a letter

ORDER DENYING DEFENDANT'S
SECOND MOTION TO MODIFY SENTENCE,
AND ORDER GRANTING MOTION TO SEAL           -2-

sent by the Clerk to Phu Nguyen he was advised that payment should include the full case name . . . [and] [f]or that reason the names of all three defendants appear on the check," the letter simply states that the "Court No." be included "on the check or money order for proper credit to the defendant's account." See Dkt. #312 (Mestel Decl.) at ¶3 and Attach. A. Defendant Tuyet Nguyen's name does not simply "appear on the check." Id. at ¶3. Defendant Tuyet Nguyen is listed as a remitter of the check and therefore she purchased the $100,800 check, and the funds from the check were appropriately applied to her judgment obligation. See Cassello v. Allegiant Bank and Royal Banks of Missouri, 288 F.3d 339, 342 (8th Cir. 2002) ("The UCC defines a remitter as 'a person who purchases an instrument from its issuer if the instrument is payable to an identified person other than the purchaser.'"). Furthermore, defendant Tuyet Nguyen has provided no evidence supporting her assertion that "when my husband and I mailed the $100,000.00 to the court we indicated that this money was being paid to satisfy the fine imposed by the Court." See Dkt. #312 (Tuyet Nguyen Decl.) at ¶2. And, as explained above, under 18 U.S.C. § 3612(c), defendant Tuyet Nguyen could not direct that her joint and several obligation for the $100,000 fine be paid off before her restitution obligation.  Last, and significantly, the $50,000 of restitution has already been paid to the victim. See Dkt. #317 (Loitz Decl.) at Attach. 1.

For all these reasons, defendant's "Second Motion to Modify Sentence" (Dkt. #312) is DENIED. Given the financial accounting information contained in Dkt. #308, Attach. 1, and pursuant to the General Order of the Court regarding Public Access to Electronic Case Files (filed 5/29/03), the Court GRANTS the government's motion to seal (Dkt. #316).

DATED this 11th day of April, 2008.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
SECOND MOTION TO MODIFY SENTENCE,
AND ORDER GRANTING MOTION TO SEAL        -3-